**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1815
_____

MISAEL CORDERO,

                                        Appellant

v.

GREGORY KELLEY, sued in his individual and official capacities;
STEPHEN D'LLIO, in his official capacity; BRUCE DAVIS, in his official capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:17-cv-01596)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: March 19, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Misael Cordero appeals the District Court's order granting the defendants' second motion for summary judgment. The District Court concluded that the defendants were entitled to qualified immunity on Cordero's claim for damages under the Free Exercise Clause of the First Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's grant of summary judgment on the grounds of qualified immunity. See Peroza-Benitez v. Smith, 994 F.3d 157, 164 (3d Cir. 2021). For the reasons that follow, we will affirm the District Court's judgment.

## I.

Cordero is an inmate who was previously incarcerated at the New Jersey State Prison ("NJSP"). As set forth in greater detail in our prior opinion, Cordero v. Kelley, C.A. No. 21-1498, 2022 WL 212828 (3d Cir. Jan. 24, 2022), Cordero asserts that his Christian religion requires him to spread the Word of God by sending religious pamphlets, or tracts, to friends and family. Prior to 2015, Cordero was able to receive hundreds of pamphlets at a time via mail at NJSP without incident. However, from 2015 to 2017, Gregory Kelley, a correctional officer working in the NJSP mailroom, rejected multiple bulk mailings containing 100 or more religious pamphlets. In March 2017, Cordero filed a civil action asserting, inter alia, that these actions violated the Religious

2

Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"), and the Free Exercise Clause of the First Amendment.[1]

The District Court granted summary judgment in favor of the defendants on the RLUIPA and First Amendment claims. As to Cordero's claim for damages under the First Amendment's Free Exercise Clause, the District Court accepted that Cordero's pamphlets were rejected pursuant to NJSP policy providing that bulk religious materials must be sent through the prison chaplaincy, and upheld the policy upon consideration of the factors described in Turner v. Safley, 482 U.S. 78, 89-91 (1987). The District Court did not consider other grounds raised by the defendants in support of summary judgment, including their assertion of qualified immunity.

Cordero appealed. We affirmed the District Court's judgment in large part, but vacated the District Court's grant of summary judgment in favor of the defendants as to Cordero's claim for damages under the First Amendment. In so doing, we concluded that there was a genuine issue of material fact regarding whether Kelley was acting pursuant to policy in rejecting Cordero's religious mail and remanded for further proceedings. We declined to consider the defendants' assertion of qualified immunity in the first instance,

---

[1] Cordero also asserted a claim for denial of access to the courts, which the District Court dismissed for failure to state a claim. We previously upheld the dismissal of that claim on appeal. See Cordero, 2022 WL 212828 at *2.

3

but noted that the District Court was free to consider such assertions on remand. See Cordero, 2022 WL 212828 at *3 n.6.

The parties engaged in additional discovery following remand, after which the defendants again moved for summary judgment. The District Court granted the motion, finding that the defendants were entitled to qualified immunity on Cordero's remaining First Amendment claim for damages. See D.Ct. ECF No. 115 at 21-22. Cordero filed a timely notice of appeal.

## II.

Qualified immunity "shields governmental officials from suit and from liability if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Mack v. Yost, 63 F.4th 211, 221 (3d Cir. 2023) (quoting Peroza-Benitez, 994 F.3d at 164-65). The analysis of a qualified immunity claim is guided by a two-part test: (1) "whether the facts … show the violation of a legal right," and (2) "whether that right was clearly established." Id. at 227. A court may address these steps in either order. See Pearson v. Callahan, 555 U.S. 223, 236 (2009); see also Reichle v. Howards, 566 U.S. 658, 664 (2012) (stating that "courts may grant qualified immunity on the ground that the purported right was not 'clearly established' … without resolving … whether the purported right exists at all").

Here, the District Court assumed, without deciding, that the defendants "violated [Cordero's] First Amendment right," D.Ct. ECF No. 115 at 16, but concluded that the

4

defendants were entitled to qualified immunity because the asserted right, defined by the District Court as Cordero's "First Amendment right to receive bulk religious mailings," id. at 17, was not clearly established. Cordero disagrees with the District Court's conclusion. Citing our decision in Washington v. Klem, 497 F.3d 272, 284-86 (3d Cir. 2007), he argues that his "right to receive a yearly order of Christian tracts necessary to practice his religion is clearly established." 3d Cir. ECF No. 13 at 13.

For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). In determining if a right is clearly established, we look to "binding Supreme Court and Third Circuit precedent or [to] a robust consensus of cases of persuasive authority in the Courts of Appeals." James v. N.J. State Police, 957 F.3d 165, 170 (3d Cir. 2020). A case need not be "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011); see also District of Columbia v. Wesby, 583 U.S. 48, 63 (2018) ("The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.").

We agree with the District Court that the defendants were entitled to qualified immunity on Cordero's First Amendment claim for damages. We have found no caselaw clearly establishing a right to either receive through the mail bulk quantities of religious

5

materials, or the right to receive a yearly bulk order of Christian tracts.  While we agree with Cordero that cases involving restrictions on bulk rate mail, as opposed to the receipt of bulk quantities of religious items through the mail, are inapposite, see, e.g., Sheets v. Moore, 97 F.3d 164, 165 n.1 (6th Cir. 1996), we do not agree that our prior decision in Washington clearly establishes the constitutional right asserted by Cordero.

Washington involved a RLUIPA challenge to a prison policy limiting the number of books an inmate could retain.  We remanded the matter to the District Court for further consideration of whether the challenged policy was the least restrictive means to further the prison's interest in safety and security.  In so doing, we specifically noted that we were "not facially invalidating the ten-book limitation."  Washington, 497 F.3d at 286.  As such, Washington cannot be read as clearly establishing a right to receive bulk quantities of religious items through the mail, or a yearly order of Christian tracts, such that a reasonable officer would understand that his rejection of such a package would violate the First Amendment.   Nor are the defendants' challenged actions "'so obvious,' even in the absence of closely analogous precedent, 'that every objectively reasonable government official facing the circumstances would know,'" at the time they acted, that the conduct violated the First Amendment.  Mack, 63 F.4th at 233 (quoting Schneyder v. Smith, 653 F.3d 313, 330 (3d Cir. 2011)).

Cordero also argues that the New Jersey Administrative Code mandates that he "be permitted to receive, retain and send out religious literature without quantity

6

limitations." 3d Cir. ECF No. 13 at 10; see also N.J.A.C. §§ 10A:17-5.12, 10A:18-2.2. However, "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." Davis v. Scherer, 468 U.S. 183, 194 (1984). Rather, the "clearly established right must be the federal right on which the claim for relief is based." Doe v. Delie, 257 F.3d 309, 319 (3d Cir. 2001). And a "state statute cannot 'clearly establish' the federal right for qualified immunity purposes." Id.

We have considered Cordero's remaining arguments on appeal and conclude that they are meritless.[2] Accordingly, we will affirm the District Court's judgment.

---

[2] Cordero argues that the District Court erred by relying on defendants' allegation of a bulk-mail practice to grant summary judgment. However, the District Court recognized that the existence of such a policy or practice remained in dispute. D.Ct. ECF No. 115 at 15. Further, we do not rely on any assertions regarding a bulk mail practice or policy in concluding that Cordero has not demonstrated a clearly established right to receive bulk quantities of religious materials through the mail.

7